**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| HAFTERLAW, LLC, | ) |
|               Plaintiff, | ) Case No. 2:13-cv-01943-GMN-NJK |
| vs. | ) ORDER DENYING DISCOVERY PLAN |
| NEELU PAL, | ) (Docket No. 24) |
|               Defendant. | ) |

Pending before the Court is Plaintiff's proposed discovery plan and scheduling order (Docket No. 24) which, for the reasons set forth below, is DENIED without prejudice.

LR 26-1(d) provides that:

> Counsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears. Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order.

Here, Plaintiff attempted to engage in a 26(f) conference with Defendant.[1] Despite agreeing to a telephonic conference, Defendant did not answer her phone at the agreed-upon time or return Plaintiff's

---

[1] The Rule 26(f) conference scheduled by the parties was beyond the deadlines established by the local rules. As Defendant answered the complaint on November 21, 2013, Docket No. 12, the Rule 26(f) conference was required to have occurred no later than December 21, 2013. LR 26-1(d). As the e-mails demonstrate, Plaintiff began attempting to schedule the conference on December 11, 2013, within the time period set by the local rules.

call or e-mail.[2] *See, inter alia,* Docket No. 24, at 1. Therefore, in an effort to comply with the local rules, Plaintiff filed the present non-stipulated discovery plan and scheduling order.[3]

LR 26-1(e)(1) establishes 180 days, measured from the date the first defendant answers or otherwise appears, as a presumptively reasonable time to complete discovery. In this case, Defendant answered on November 21, 2013. Docket No. 12. However, Plaintiff's discovery plan requests 180 days from today's date."[4] Thus, Plaintiff's discovery plan requests a longer discovery period than 180 days from when the first defendant answered. Accordingly, the discovery plan was required to either provide for 180 days from November 21, 2013, or to state on its face, "SPECIAL SCHEDULING REVIEW REQUESTED" and indicate why longer or different time periods should apply. LR 26-1(d).

. . . .

. . . .

. . . .

---

[2] Defendant appears to want to delay filing a discovery plan or engaging in discovery until the Court rules on certain pending dispositive motions. Docket No. 24-1, at 4-5. However, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The parties cannot unilaterally delay discovery without Court approval. *See* LR 6-1 and LR 7-1. If Defendant wishes to delay or extend deadlines, she must seek a stay of discovery or deadline extension from the Court.

[3] Plaintiff's proposed discovery plan was filed one day late. *See* LR 26-1(d).

[4] Plaintiff provides no explanation for why discovery will not begin until today. Pursuant to Fed.R.Civ.P. 26(a)(1)(C), a party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. Stipulations are not effective until approved by the Court. LR 7-1. Here, the Court has not approved any such delay in discovery.

Accordingly, Plaintiff's discovery plan (Docket No. 24) is DENIED without prejudice. The parties are ordered to file, no later than January 13, 2014, a stipulated proposed discovery plan that either (1) is based on the 180-day discovery period outlined in Local Rule 26-1(e)(1) or (2) provides explanation why a longer period should be granted.

IT IS SO ORDERED.

DATED: January 7, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge