UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAFTERLAW, LLC, | : | Civil Action No. 14-5795 (SRC) |
| Plaintiff, | : | OPINION |
| v. | : | |
| NEELU PAL, MD, | : | |
| Defendant. | : | |

**CHESLER**, District Judge

      This matter was opened by the Court *sua sponte* to address its concern that it lacks subject matter jurisdiction over this case. The Court issued an Order To Show Cause on September 19, 2014 [docket entry 34], directing removing Defendant Neelu Pal, MD ("Defendant") to demonstrate that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), upon which Defendant based her removal of this action from the District Court of the State of Nevada, Clark County. (As the September 19, 2014 Order noted, this action was removed to the United States District Court for the District of Nevada but subsequently transferred to this district pursuant to 28 U.S.C. § 1406.) In particular, the Court expressed in the Order To Show Cause that upon its review of the Complaint and Notice of Removal, it was unable to satisfy itself of diversity jurisdiction because the removing Defendant had failed to identify the citizenship of Plaintiff HafterLaw, LLC. The Third Circuit has held that ""the citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks Mfg. Co., Inc. v Wood, 592 F.3d 412, 420, (3d Cir. 2010). Defendant, however, has not pled the citizenship of each member of the Plaintiff LLC, and without such information, the

1

Court cannot determine that there is complete diversity of citizenship between the parties, as required to establish subject matter jurisdiction under § 1332(a).

Defendant has failed to submit a response to the Court's Order To Show Cause.  As such, she has failed to carry her burden, as the removing party, of demonstrating that there is federal subject matter jurisdiction over the action.  <u>Samuel-Bassett v. KIA Motors Am., Inc.</u>, 357 F.3d 392, 396 (3d Cir. 2004).  Title 28 U.S.C. § 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand.  <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 (3d Cir. 1992).  Because the Court remains unsatisfied that sufficient information has been pled by Defendant to establish that federal question jurisdiction exists, this action must be remanded to the state court in which it was initiated.  An appropriate order will be filed.


    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  October 27, 2014